IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF

COLUMBIA

```
MAUREEN MURPHY                        *
11 St. John's Square,Blackpool*
Cork City, IRELAND                    *
                                      *
            Plaintiff,                *
                                      *
       v.                             *
                                      *
National Railroad Passenger Corporation
d/b/a AMTRAK                  *Civil No.:_____
1 Massacusetts Avenue, N.W.,  *
5th Floor                     *
Washington, D.C. 20001        *
                              *
SERVE:                        *
CT Corporation                *
1015 15th Street, N.W., #1000 *
Washington, D.C. 20005        *
                              *
            Defendant.        *
                              *
*  *  *  *  *  *  *  *  *  *  *  *  *  *  *
```

## COMPLAINT AND DEMAND FOR TRIAL BY JURY
### Negligence – Personal Injury
### Breach of Contract

NOW COMES the Plaintiff, Mureen Murphy, and whom files this Complaint against the National Railroad Passenger Corporation d/b/a "AMTRAK", and in support thereof says:

1.   Jurisdiction is proper in this Court pursuant to §11-921 of the D.C. Code and §13-423.

2.   Venue is also proper in this Court.

3.   Plaintiff Murphy is, and was at all times relevant to this action, an adult resident of The Republic of Ireland visiting Washington, DC as a tourist on June 14, 2016.

4.   The National Railroad Passenger Corporation d/b/a "AMTRAK", is a transit passenger partnership that operates railroad transportation services, medium and long-range throughout the contiguous United States and to nine Canadian cities, with headquarters in Washington, District of Columbia.

5.   All events giving rise to this cause of action occurred in Washington, DC.

## ALLEGATIONS/FACTS

6.   On or about June 14, 2016, around 6:00 p.m., as a ticket-bearing paying passenger to Defendant, the Plaintiff was disembarking an AMTRAk train she took from New York City to Washington, DC when she stepped into a hole in the concrete platform at Union Station in Washington, D.C. injuring her legs, knees and back.  The hole in the platform had been neliglently repaired/maintained by Defendant before June 14, 2016.

7.   Defendant was negligent, _inter alia_, in failing to warn the Plaintiff of the danger, stopping a train where disembarking passengers would foreseeably step off the train and into the clearly-visible hole on the concrete platform, negligent in placing Plaintiff in the zone of danger, failing to assist her disembark after putting her in that zone of danger, failing to warn her, failing to use a platform for dismebarkment, failing to properly repair the

hole before June 14, 2016, and failing to deliver her safely to her designation as Defendant warranteed and promised to and for which Plaintiff paid Defendant for.

8.    Defendant advertises and promises it is a "corporation striving to deliver high-quality, safe, on-time rail passenger service that exceeds customer expectations." Plaintiff relied on and paid for this promise of Defendant which was subsequently breached by Defendant as described in detail throughout this Complaint.

9.    At the above time and place, the Defendant carelessly and negligently allowed the Plaintiff to exit its train onto its negligently-maintained, unsafe passenger platform as to cause serious and severe injury/damages to the Plaintiff.

10.    This incident was caused <u>inter</u> <u>alia</u>, by Defendant's negligent and reckless operation of the train, the failure to properly maintain and/or repair the train platform, and/or not ensuring any contractor or company who was to have done so, did, in fact, keep the platform in a reasonably safe and prudent condition, ect. and Defendant's actions or failures to act, were also in violation of the industry safety standards and Defendant's own regulations and rules.

11.   As a direct result of the Defendant's negligence, the Plaintiff suffered severe and permanent physical injuries, incurred medical and doctor's bills, emotional distress and was and is otherwise aggravated and inconvenienced along with other amages/loses.

12.   At all times mentioned herein, Defendant, acting by and through its employees, owed Plaintiff certain duties of care including but not limited to the duty to pay proper time and attention to the driving and operation of the train, to maintain and repair a reasonably and prudently safe passenger platform to disembark onto, to maintain a lookout in order to avoid Plaintiff stepping into a hole on the platform, not using a platform to disembark, etc. and to follow its own and/or the industry's safety standards of conduct, rules and regulations.

13.   Defendant, acting through its employess/contractors, breached these duties of care owed to Plaintiff, and was otherwise negligent.

14.   As a direct and proximate result of Defendant's breach of these duties of care, the Plaintiff suffered severe and serious permanent injury and related damages.

15.   The Plaintiff was not negligent, did not in any way contribute to her injuries nor did she assume the risk. Defendant's and its employees'/contractors' negligence was the proximate and/or sole cause of the collision.

## LEGAL CLAIMS

### NEGLIGENCE

16.   The Plaintiff suffered injuries/loses/damages when Defendant failed to use reasonable care to ensure the Plaintiff's safety and avoid Plaintiff's injuries as discussed above including failing to keep a proper lookout for potential dangers and warning Plaintiff of same, failing to take protective or evasive action to avoid the plaintiff from stepping into the hole on the platform, failing to maintain the premises in a safe condition, failing to assit her to disembark in a safe and prudent manner, and was otherwise careless and negligent in the delivery/disembarkemnt of Plaintiff from their train onto their platform.

17.   Plaintiff incorporates by reference and makes a part hereof paragraphs 1 through 16 above.  The acts and omissions of defendant, as stated in paragraphs 1 through 16 above, and below, constitute negligence and gross negligence, in violation of the laws of The District of Columbia and which were the proximate cause of Plaintiff's injuries for which Defendant ie responsible for Plaintiff's damages and injuries.

### BREACH OF CONTRACT

18.   That the allegations of fact herein above set forth above in 1-17 are adopted herein and part thereof and

this section Breach of Contract of this Complaint.

19.   At the time of said incident Plaintiff was a paying passenger of Defendant.

20.   That Defendant, in consideration of the required fare payment, paid to it by Plaintiff, was to have delivered Plaintiff safely.

21.   That pursuant to the terms of the said contract, the Defendant, contracted with and became liable to the Plaintiff, for not delivering her safely and if Defendant contracted with a third-party to repair or keep the platform in Washington, DC in safe condition, then the Plaintiff, as a third-party beneficiary to that contract, must recover all sums which the she shall be legally entitled to recover as damages from the party or parties to which Defendant contracted with to keep the premises in a safe condition when bodily injury is caused by and/or arising out the ownership, maintenance or use of the train platform.

22.   That the Plaintiff properly and timely notified the Defendant of the facts and circumstances of the subject incident.

### DAMAGES

**WHEREFORE**, the Plaintiff demands judgment against Defendant in the amount of four hundred and fifty thousand dollars ($450,000.00), for past and future medical

damages, past and future pain and suffering, all her damages and loses arising from this incident, and/or for an amount to be proven at a trial in this matter and any other relief the Court deems just and proper plus interest and the costs of this action.

<u>**DEMAND FOR TRIAL BY JURY**</u>

Plaintiff hereby requests a trial by jury as to all issues raised herein.

Respectfully submitted,

_____
John F. Kennedy, Esq.
KENNEDY & DOLAN
200A Monroe Street, Suite 220
Rockville, MD 20850
(301) 608-3000 fax: 3007
cell: (202)421-4675
e-mail: jfkdc@aol.com
Attorney for Plaintiff Murphy
D.C. Bar # 413509